UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00765-AGF |
| | ) | |
| MISTI GIMLIN et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Maurice Campbell's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the Application and supporting financial information, the Court finds that Plaintiff is unable to pay the costs associated with this action. The Court will therefore grant the Application and waive the filing fee. Nevertheless, for the reasons discussed below, the Court will require Plaintiff to amend his complaint on the enclosed form.

### Legal Standard

Because the Court has granted Plaintiff's Application to Proceed Without Prepaying Fees or Costs, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an

allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Misti Gimlin and Kellee Chambers in their official and individual capacities. (ECF No. 1). According to Plaintiff, Defendants are probation and parole officers in St. Louis, Missouri. *Id.*

Plaintiff alleges that sometime in February 2024, Defendant Gimlin gave him a copy of a "field violation report" dated February 5, 2024. *Id.* He asserts that Defendant Chambers approved a "false warrant, false arrest, and false imprisonment with an issuance date of 02/05/2024." *Id.*

On April 1, 2024, Plaintiff attended a parole appointment with Defendant Gimlin. *Id*. While seated after receiving his next appointment date, three unidentified white male officers rushed into the office and "ambushed" him. *Id*. During the arrest, Plaintiff claims the lead officer cut the inside of his wrist with handcuffs. *Id*. When Plaintiff requested to see the arrest warrant, the officers told him he would "see it later." *Id*. The officers did not advise him of his *Miranda* rights. *Id*.

Plaintiff reports carrying legal documents at the time of the arrest, including a copy of a dismissal order dated March 7, 2024. *Id*. Plaintiff asked Defendant Gimlin to retrieve the order and give it to her supervisor. *Id*.

Plaintiff alleges he was then "aggressively led away" to a back room, where officers searched his belongings before transporting him to the St. Louis City Justice Center. *Id*. Upon arrival, he requested and received an alcohol wipe for his bleeding wrist and was informed he would be seen by medical personnel. *Id*.

Later that day, an unidentified officer escorted Plaintiff back to the check-in desk. *Id*. Plaintiff informed the officer that his arrest was based on false information. *Id*. He also told the custody supervisor that the warrant was "false, bogus, and invalid." *Id*.

The remainder of Plaintiff's complaint outlines a series of seemingly unrelated allegations. *Id*. He reports "deplorable conditions," inadequate medical attention, and a fraudulent preliminary hearing. *Id*. He claims that on April 17, 2024, he was "trafficked" to the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri, where he was strip-searched and "sprayed with a huge can of chemical spray." *Id*. Plaintiff further states that upon arrival at the 8D wing, he "could hardly breathe" and experienced blurred vision due to the facility's odor. *Id*.

Plaintiff asserts that he was released on May 17, 2024, but he never received his personal property. He seeks $2 million in damages.

**Discussion**

1. **Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). This rule is designed to give defendants fair notice of the claims against them and to ensure that the court has sufficient information to assess the merits of the case. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of multiple defendants in a single lawsuit if the plaintiff's claims arise from the same transaction or occurrence and share a common question of law or fact. Fed. R. Civ. P. 20(a). Unrelated claims against different defendants must be filed in different suits. This rule is particularly relevant in prisoner litigation, as it helps ensure compliance with the Prison Litigation Reform Act, which limits the number of frivolous suits or appeals a prisoner may file. *See* 28 U.S.C. § 1915(g).

Plaintiff's complaint violates Rules 8 and 20. First, the complaint's stream-of-consciousness narrative defies Rule 8's "short and plain statement" requirement. Instead of clear allegations, the complaint presents a sprawling chronicle that is neither simple nor concise. Second, the complaint improperly joins Defendants Gimlin and Chambers without satisfying Rule 20's prerequisites. Plaintiff has not shown that his claims arise from the same transaction or occurrence, nor has he identified any common question of law or fact linking his claims. Indeed, many allegations describe separate acts by different individuals on distinct dates—suggesting that Plaintiff's claims lack any meaningful connection.

### 2. Individual-Capacity Claims

Federal Rules aside, Plaintiff's individual-capacity claims are nevertheless insufficient. To establish individual liability under § 1983, a plaintiff must show "a causal link to, and direct responsibility for" the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). That means he must allege facts demonstrating each Defendant's personal responsibility for the alleged harm. *Id.* Here, Plaintiff does not allege that Defendants were personally involved in most of the alleged wrongdoing. Accordingly, his individual-capacity claims are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2).

### 3. Official-Capacity Claims

Plaintiff's official-capacity claims also fall short. It is well established that a suit against a public employee in their official capacity is merely a suit against the public employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, Plaintiff alleges that Defendants are probation and parole officers for the State Board of Probation and Parole. Thus, to succeed on his official-capacity claims, he must establish the State's liability for the alleged wrongdoing. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff cannot do so for two reasons.

First, § 1983 provides for an action against a "person" who, under color of state law, violates another's civil rights. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, absent a waiver, the Eleventh Amendment bars suits against a state or its officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, Plaintiff's official-capacity claims are also subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

### Instructions for Amending the Complaint

Considering Plaintiff's self-represented status, the Court will allow him to amend his complaint in accordance with the following instructions:

**Organization and clarity**

Plaintiff's current complaint consists of a lengthy, disorganized narrative. Rule 8(a) requires a short and plain statement of the claim showing that Plaintiff is entitled to relief. The allegations must be simple, concise, and direct.

Plaintiff shall file his amended complaint using the attached form. He may attach additional pages, if necessary. He shall organize his allegations into clear, numbered paragraphs. Each paragraph should address a specific claim or event in a logical and coherent manner, with a clear connection to the legal claims asserted.

**Joinder of defendants**

Plaintiff names two defendants in this action. Under Rule 20(a), multiple defendants may only be joined in a single action if the claims against them arise from the same transaction or occurrence and share a common question of law or fact. The complaint as written does not meet this standard. If Plaintiff opts to name more than one defendant in his amended complaint, he shall limit the complaint to claims that arise from the same incident or series of incidents. Claims that involve unrelated events or incidents should be filed in separate lawsuits.

**Identification of claims**

Plaintiff shall identify, to the best of his ability, the specific legal claims he is asserting, and shall link each claim to the appropriate facts. If Plaintiff is suing multiple defendants, he must establish each defendant's responsibility for the alleged harm. That is, for each defendant, Plaintiff

6

must allege facts showing how that defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Conclusory allegations about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted). To the extent possible, Plaintiff should clearly specify whether his claims relate to conditions of confinement, excessive force, retaliation, or other civil rights violations.

### Amended complaint replaces the original

An amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

### Review under 28 U.S.C. § 1915

Because Plaintiff is proceeding without prepaying fees or costs, the Court will review the amended complaint under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form within 30 days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and will waive the filing fee in this matter. Additionally,

7

the Court will require Plaintiff to submit an amended complaint on the enclosed form in accordance with the instructions provided herein.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a blank Civil Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and return the form in accordance with the Court's instructions **within thirty (30) days** of the date of this order.

Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Dated this 10th day of March, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE