# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAURICE CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00765-AGF |
| ) | |
| MISTI GIMLIN et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court for review following Plaintiff's failure to comply with the Court's prior order dated March 10, 2025. In that order, the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to file an amended complaint on the Court-provided form no later than April 9, 2025. (ECF No. 3). The Court explained that failure to comply would result in dismissal of the action without further notice. *Id*.

Rather than file an amended complaint, Plaintiff submitted a motion for appointment of counsel on March 27, 2025. (ECF No. 4). In that motion, Plaintiff asserts that he is unable to prosecute this case due to various medical conditions, including PTSD, anxiety, psychosis, arthritis, and high blood pressure, as well as medication side effects. *Id*. However, Plaintiff does not explain how he was able to draft and file his original complaint under these same conditions, nor does he demonstrate that these conditions preclude him from complying with a relatively straightforward directive to complete a standardized form. Under these circumstances, the Court finds that Plaintiff has not shown good cause for his failure to comply with the Court's order.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute or to comply with the Federal Rules of Civil Procedure or a court order.

Plaintiff's failure to submit an amended complaint as ordered constitutes a failure to prosecute and a failure to comply with a lawful court directive. Dismissal is therefore appropriate under Rule 41(b).

Moreover, dismissal is also warranted under 28 U.S.C. § 1915(e)(2). Plaintiff's original complaint remains the operative pleading. As explained in the Court's prior order, Plaintiff failed to state a claim upon which relief may be granted. (ECF No. 3 at 4-5). His claims under 42 U.S.C. § 1983 against Defendants Gimlin and Chambers in their individual capacities lack sufficient factual allegations of personal involvement in the alleged constitutional violations. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). With respect to official-capacity claims, Plaintiff seeks monetary relief from state officials employed by the Missouri Board of Probation and Parole. Such claims are barred by sovereign immunity under the Eleventh Amendment and are not cognizable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

Because Plaintiff declined to file an amended complaint addressing these deficiencies, the Court finds that dismissal is appropriate under both Rule 41(b) and 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court will issue a separate Order of Dismissal contemporaneously with this Memorandum and Order.

Dated this 28th day of April, 2025.

                                                                                      */s/ Audrey G. Fleissig*
                                                                    AUDREY G. FLEISSIG
                                                                    UNITED STATES DISTRICT JUDGE